S. S. STEVENSON, JR. v. J. R. PRITCHARD t/a PRITCHARD'S ESSO SERVICE-CENTER

No. 709DC294

(Filed 15 July 1970)

1. **Appeal and Error § 57— findings of fact**
   The findings of fact by the court have the force and effect of a verdict of a jury and are conclusive if supported by any competent evidence.

2. **Automobiles § 6— defective windshield wiper — action for damages — sufficiency of evidence**
   In an action to recover the replacement cost of an automobile windshield, the plaintiff's evidence *is held* insufficient to support trial court's finding that the windshield wiper refill blade sold by defendant service station and installed on plaintiff's windshield caused the scratches on the driver's side of the windshield.

APPEAL by defendant from *Peoples, District Judge,* 16 February 1970 Session, VANCE County District Court.

Plaintiff instituted the action to recover $114.00 which he alleged was the replacement cost of an automobile windshield. Plaintiff alleged that the windshield was damaged by the use of a wiper blade which he purchased from defendant on 22 May 1966.

Plaintiff's evidence, considered in the light most favorable to him, tends to show the following. On 22 May 1966 plaintiff went to defendant's service station intending to buy a windshield wiper arm. Defendant did not have a windshield wiper arm but told plaintiff he could install a wiper filler which would work. Defendant put the refill in and started the wipers. They seemed to work satisfactorily and plaintiff departed. The vehicle was used primarily by plaintiff's wife who testified that she could not remember using the windshield wiper until 8 July 1966 when she was returning from the beach. She did not observe the wind-

Stevenson v. Pritchard

shield being scratched by the wiper blade. On 9 July 1966 plaintiff observed scratches on the windshield. He had not used the windshield wipers from 22 May until 8 July. On cross-examination plaintiff testified, "I did not notice any defect in the windshield filler that Mr. Pritchard put in and I do not know of any defect in that refill. . . . I wasn't watching the car continuously from May until July. I used it occasionally. I don't know of anything that might have happened to the wiper or to the blade or to the arm during the period of May 22, 1966 to July 8, 1966." Defendant offered evidence, which we do not deem necessary to review in detail, tending to show that the wiper blade was working satisfactorily when plaintiff returned to his premises, that it was not defective and that the scratch could have been caused by an accumulation of wind and sand or a defect in the wiper arm.

The case was heard by the district judge, without a jury, and a judgment in the amount of $114.00 was entered in favor of the plaintiff. Defendant appeals.

*Bobby W. Rogers for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey and Clay by Bob W. Bowers for defendant appellant.*

VAUGHN, J.

[1, 2]   The findings of fact by the court have the force and effect of a verdict of a jury and are conclusive if supported by any competent evidence. The record before us fails to disclose any competent evidence to support the court's finding:

> "That the said windshield wiper refill blade sold by the defendant to the plaintiff and as installed by the defendant did not work in an acceptable manner on the plaintiff's 1964 Thunderbird as it caused the windshield wipers to scratch the driver's side of the windshield in approximately top half circle scratches."

The findings which are supported by the evidence are insufficient to support the judgment. We do not reach, therefore, the other questions raised in the briefs of the parties.

Reversed.

CAMPBELL and PARKER, JJ., concur.